UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINCENT D. ROBERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11585** |
| **OUACHITA CORRECTIONAL CENTER, DR. PARKER** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Vincent D. Roberson ("Roberson"), is incarcerated in the Ouachita Correctional Center ("OCC") in Monroe, Louisiana. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the defendants, Ouachita Correctional Center and the prison physician, Dr. Parker.[1] The plaintiff alleges that the doctor prescribed too much medication causing him to have a stroke, and the officials refuse to correct his medication. With his complaint, Roberson submitted a pauper application that did not include the required prisoner account certification.[2] When Robison failed to correct the deficiency, the Court denied him leave to proceed as a pauper.[3]

On August 29, 2019, Roberson submitted a pleading which has been construed as a Motion to Reconsider Pauper Status.[4] For the following reasons, that motion should be deferred, and the matter transferred to the United States District Court for the Western District of Louisiana.

**I.    Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972),

---

[1] Rec. Doc. No. 1 (deficient complaint).

[2] Rec. Doc. No. 2 (deficient pauper application).

[3] Rec. Doc. No. 4.

[4] Rec. Doc. No. 5. The Court will defer ruling on the pauper status to the receiving court.

*aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

## II. Discussion

The plaintiff claims that his cause of action arose in and Dr. Parker is employed at OCC in Monroe, Louisiana, which is within the geographical boundaries of Ouachita Parish and the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The plaintiff does not allege that the defendants reside or are located within this district. The interest of justice dictates that venue is proper in the Western District of Louisiana.

## III. Recommendation

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

It is further **RECOMMENDED** that ruling on plaintiff's Motion to Reconsider Pauper Status (Rec. Doc. No. 5) is **DEFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 12th day of September, 2019.

_____
KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.